UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN GLAZER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18CV390 JCH |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, filed April 16, 2018. (ECF No. 28). The motion is fully briefed and ready for disposition.

## BACKGROUND

On or about January 11, 2018, Plaintiff filed a cause of action in the Circuit Court of St. Louis County, Missouri, against Defendants Unum Life Insurance Company of America ("Unum Life") and The Cornerstone Insurance Group, LLC ("Cornerstone"). In Count I of his State court cause of action, Plaintiff asserted a claim for "Action On The Policy—Non-ERISA Plan" against Unum Life. (*See* Petition, ECF No. 6, ¶¶ 7-11). In Count II, Plaintiff asserted a claim for negligence against Cornerstone, claiming Cornerstone "took it upon itself to prepare the appeals of [Unum Life's] denial of benefits on behalf of Plaintiff", but "was negligent in preparing [those] appeals by failing to include necessary information." (*Id.*, ¶¶ 13, 15).

On March 9, 2018, Cornerstone (with the consent of Unum Life) removed Plaintiff's cause of action to the United States District Court for the Eastern District of Missouri on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal, ECF No. 1). The Notice

of Removal stated that complete diversity existed between Plaintiff and Unum Life[1], and that Cornerstone's citizenship must be disregarded as it was fraudulently joined in this action.[2] (*Id.*, ¶¶ 5-33). Specifically, Cornerstone asserted Plaintiff's negligence claim against it was unsustainable, because Plaintiff failed to allege that Cornerstone had a duty to him relative to his appeal of Unum Life's denial of benefits under the policy, and because any alleged breach of Cornerstone's duty was not the proximate cause of any damages sustained by Plaintiff.

On March 12, 2018, Cornerstone filed a Motion to Dismiss Count II of Plaintiff's Complaint, in which it raised the same arguments in support of the alleged fraudulent joinder of Cornerstone that it made in its Notice of Removal. (ECF No. 8). Plaintiff responded to the motion on March 16, 2018, and further filed a Motion to Remand on March 30, 2018. (ECF Nos. 12, 19).

On April 11, 2018, while both motions were still pending, Plaintiff filed a Motion to File First Amended Complaint (ECF No. 22), which the Court granted on April 16, 2018 (ECF No. 25). With respect to Cornerstone, Plaintiff expanded upon his claim of negligence in his First Amended Complaint, as follows: "After the denial of the claim, Cornerstone took it upon itself to prepare the appeals of the denial of benefits on behalf of Plaintiff, with Cornerstone acting as the agent of Plaintiff. Alternatively, Plaintiff and Defendant Cornerstone had an agreement whereby Defendant Cornerstone served as the agent for Plaintiff in representing Plaintiff in the appeal. Plaintiff relied on Defendant Cornerstone to his detriment that Defendant Cornerstone

---

[1] Plaintiff is a citizen and resident of the State of Missouri, and Unum Life is a foreign insurance company incorporated under the laws of the State of Maine, with its principal place of business in Portland, Maine. (*See* Petition, ¶ 1; Notice of Removal, ¶¶ 5, 6).

[2] Cornerstone is a citizen of the State of Missouri, as it is a limited liability company and all its members are citizens and residents of the State of Missouri. (Notice of Removal, ¶ 8).

would prepare his appeal." (First Amended Complaint, ECF No. 26, ¶ 13). Plaintiff further added a claim for breach of fiduciary duty against Cornerstone. (*Id.*, ¶¶ 18-23).

On April 16, 2018, Plaintiff filed the instant Motion to Remand. (ECF No. 28). In support of the Motion to Remand, Plaintiff argues that because he has stated a cause of action against Cornerstone there was no fraudulent joinder, and therefore the Court lacks diversity jurisdiction over this action.[3]

**DISCUSSION**

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Manning v. Wal-Mart Stores East, Inc.*, 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997), *cert. denied*, 522 U.S. 1075, 118 S.Ct. 852, 139 L.Ed. 2d 753 (1998)). The party invoking federal jurisdiction and seeking removal has the burden of establishing jurisdiction by a preponderance of the evidence. *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009); *see also Nicely v. Wyeth, Inc.*, 2011 WL 2462060 at *2 (E.D. Mo. Jun. 17, 2011).

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). "Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs."[4] *Manning*, 304 F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)). Actions where jurisdiction is predicated solely on diversity

---

[3] Cornerstone filed a Motion to Dismiss with respect to Plaintiff's First Amended Complaint on April 30, 2018. (ECF No. 35).
[4] There is no dispute in the instant case that the amount in controversy exceeds $75,000.00.

"may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

As stated above, Cornerstone asserts that diversity jurisdiction exists because Cornerstone, the only non-diverse party, was fraudulently joined. "When a court is assessing whether diversity jurisdiction exists over a particular case, it may ignore the citizenship of parties fraudulently joined." *Moss v. Defender Servs. Inc.*, 2009 WL 90136 at *2 (E.D. Mo. Jan. 14, 2009) (citing *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983); 28 U.S.C. § 1441(b)). Joinder is fraudulent and removal is proper "when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (internal quotations and citation omitted), *cert. denied*, 132 S.Ct. 94 (2011). However, "joinder is fraudulent only when there exists no reasonable basis in fact and law supporting a claim against the resident defendant[]." *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) (internal quotations and citations omitted) (emphasizing that the fraudulent joinder inquiry does not focus on the "artfulness of the pleadings", but rather on the ability of the plaintiff to state a colorable claim). The Eighth Circuit has described the fraudulent joinder standard as follows:

> [A] proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." However, if there is a "colorable" cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder.

*Filla v. Norfolk Southern Railway Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal citations and footnote omitted; emphasis in original).[2] This reasonableness standard requires "the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson*, 634 F.3d at 980 (citing *Junk*, 628 F.3d at 445 (noting that the Rule 12(b)(6) standard is "more demanding" than the *Filla* standard)). Furthermore, in making a prediction as to whether state law might impose liability based on the facts alleged, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," and should not "step from the threshold jurisdictional issue into a decision on the merits." *Manning*, 304 F.Supp.2d at 1148 (internal quotations and citations omitted).

Thus, in deciding the instant motion the issue becomes whether state law reasonably might impose liability on the non-diverse Defendant, Cornerstone. *See Filla*, 336 F.3d at 810; *Manning*, 304 F.Supp.2d at 1149. In order to perform this analysis, the Court first must decide whether Plaintiff's Complaint or First Amended Complaint is the operative pleading.

Under Eighth Circuit law, "[i]t is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect." *In re Wireless*

---

[2] The *Filla* standard for fraudulent joinder does not include consideration of the plaintiff's intention to follow through with claims against the resident defendant. Recent Eighth Circuit opinions have embraced the *Filla* standard, analyzing fraudulent joinder only with respect to the reasonable basis for the claim against the resident defendant under state law. *See, e.g., Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) ("[J]oinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'") (quoting *Filla*, 336 F.3d at 811); *Junk*, 628 F.3d at 446 (The question of fraudulent joinder "turns on whether [Plaintiff] might have had a 'colorable' claim against [Defendant], . . . .") (citations omitted); *Wilkinson*, 478 F.3d, at 964 ("A joinder is fraudulent only 'when there exists no reasonable basis in fact and law supporting a claim against the resident defendants.'") (quoting *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006)). Accordingly, this Court will not apply the "no real intention of prosecuting the action" element for finding fraudulent joinder from *Reeb v. Wal-Mart Stores, Inc.*, 902 F.Supp. 185, 187 (E.D. Mo. 1995), but instead will utilize the approach applied consistently in the more recent Eighth Circuit decisions.

*Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005) (citation omitted). "[W]here a plaintiff has [voluntarily] filed an amended complaint, federal courts must resolve questions of subject matter jurisdiction by examining the face of the amended complaint." *Id.* at 928-29 (citation omitted). This is because "Rule 15(c)(2) of the Federal Rules of Civil Procedure allows an amended complaint to relate back when the claim in the amended pleading 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original [complaint].'" *Id.* at 928 (citation omitted). *See also Busick v. Physicians' Clinic of Iowa, P.C.,* 2007 WL 2225928, at *4 (N.D. Iowa July 31, 2007).

When the decision to amend is involuntary, however, "the question of proper removal must be answered by examining the original rather than the amended complaint." *In re Wireless Telephone,* 396 F.3d at 929 (citation omitted). A motion to amend is involuntary where a plaintiff faces the choice of amending his complaint or having it dismissed. *Id.* (*citing Humphrey v. Sequentia, Inc.,* 58 F.3d 1238, 1241 (8th Cir. 1995) (the motion to amend "was involuntary because the plaintiff faced the Hobson's choice of amending his complaint or risking dismissal"); *In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir. 2000)). Where a plaintiff is "confronted with a patently coercive predicament" which requires that he either file an amended complaint or risk dismissal of his entire case, an amended complaint is not filed voluntarily. *Id.* (citing *In re Atlas,* 209 F.3d at 1067).

In the instant case, Plaintiff filed his Motion to File First Amended Complaint while Cornerstone's original Motion to Dismiss was pending. The Court thus had not determined the merits of Cornerstone's Motion to Dismiss at the time Plaintiff sought leave to amend. Under such circumstances, the Court cannot conclude that when Plaintiff sought leave to amend, he was faced with the Hobson's choice of amending or facing dismissal. *See Humphrey,* 58 F.3d at

1241. The Court therefore finds that Plaintiff voluntarily sought leave to file his amended complaint, and so the issue of diversity jurisdiction must be determined by examining the face of Plaintiff's First Amended Complaint. *See In re Wireless Telephone,* 396 F.3d at 928.

As noted above complete diversity, as required for federal jurisdiction pursuant to 28 U.S.C. § 1332, does not exist on the face of Plaintiff's First Amended Complaint, as both Plaintiff and Cornerstone are citizens and residents of Missouri. *See Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 403-04 (8th Cir. 1977). In response to the Motion to Remand, however, Cornerstone argues that its joinder was fraudulent, as there exists no possibility of a colorable cause of action against it for negligence or breach of fiduciary duty. As a result, Cornerstone asserts the complete diversity necessary for jurisdiction pursuant to 28 U.S.C. § 1332 is present. Because it is dispositive, the Court considers only Plaintiff's negligence claim.

Under Missouri law, a claim of negligence is shown by proof of the following elements: "(1) the existence of a duty to conform to a certain standard of conduct to protect others against unreasonable risks, (2) breach of the duty, (3) proximate cause, and (4) actual damages." *Ivey v. Nicholson-McBride*, 336 S.W.3d 155, 157 (Mo. App. 2011) (internal quotations and citations omitted). As noted above, Cornerstone maintains Plaintiff's negligence claim against it is unsustainable, because Plaintiff fails to allege that Cornerstone had a duty to him relative to his appeal of Unum Life's denial of benefits under the policy, and because any alleged breach of Cornerstone's duty was not the proximate cause of any damages sustained by Plaintiff.

With respect to duty, as noted above in his First Amended Complaint Plaintiff alleges as follows: "After the denial of the claim, Cornerstone took it upon itself to prepare the appeals of the denial of benefits on behalf of Plaintiff, with Cornerstone acting as the agent of Plaintiff.

Alternatively, Plaintiff and Defendant Cornerstone had an agreement whereby Defendant Cornerstone served as the agent for Plaintiff in representing Plaintiff in the appeal. Plaintiff relied on Defendant Cornerstone to his detriment that Defendant Cornerstone would prepare his appeal." (First Amended Complaint, ¶ 13). Cornerstone asserts a functionally identical negligence claim was rejected for lack of a duty in *Barnes v. Metropolitan Life Ins. Co.*, 612 S.W.2d 786 (Mo. App. 1981). In that case, the plaintiffs alleged an employee and agent of an insurer volunteered to review a policy of life insurance issued for the plaintiffs by another insurer, and then did so in a negligent fashion, causing plaintiffs to recover less under the policy than they otherwise would have. *See Barnes*, 612 S.W.2d at 786-87. In affirming the trial court's dismissal of plaintiffs' petition for failure to state a claim, the Missouri Court of Appeals recognized that under Missouri law, "under certain circumstances an insurance agent may be held to owe certain duties to his clients, and may be liable for a negligent breach of such duties." *Id.* at 787. For example, the Court noted that "[w]hen an insurance agent undertakes to procure insurance for a party, with a view to earning a commission, he becomes the party's agent and owes a duty to the party to act with reasonable care, skill and diligence." *Id.* (internal quotations and citations omitted). The Court concluded that no such duty was present in its case, however, as "it is not alleged that defendant Uthoff was the agent of plaintiff or that he was negligent in any undertaking to procure insurance; rather, it is alleged that he was negligent in failing to inform potential clients of the significance of provisions in another insurer's policy already held by them." *Id.* at 788.

Upon consideration the Court finds Plaintiff's allegations differ from those in *Barnes*, such that there is "'arguably a reasonable basis for predicting that [Missouri] law might impose liability'" here on the resident Defendant, Cornerstone. *Knudson*, 634 F.3d at 980 (quoting

*Filla*, 336 F.3d at 811). The Court notes that unlike in *Barnes*, Plaintiff here specifically asserts that Cornerstone was acting as the agent of Plaintiff, and/or that Plaintiff and Cornerstone had an agreement whereby Cornerstone was to serve as the agent for Plaintiff in representing him during the appeal. (First Amended Complaint, ¶ 13). These allegations distinguish the instant case from *Barnes,* with Plaintiff here sufficiently alleging the existence of a duty on the part of Cornerstone.

With respect to proximate cause, Cornerstone makes several arguments, including that Unum Life's denial of Plaintiff's appeal did not preclude him from seeking reconsideration, and that the reason for Unum Life's declining further consideration was Plaintiff's non-payment of premium. Plaintiff disputes these assertions, and the Court finds consideration thereof would require taking a "step from the threshold jurisdictional issue into a decision on the merits," *see Manning*, 304 F.Supp.2d at 1148 (internal quotations and citations omitted), something this Court should not do on a Motion to Remand. Plaintiff's claim for negligence against Cornerstone thus remains viable at this juncture, and so this matter must be remanded to State court for lack of federal jurisdiction.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 28) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of St. Louis County, State of Missouri. An appropriate Order of Remand will accompany this Memorandum and Order.

Dated this 13th Day of July, 2018.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE